**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

IN RE:  COURT OPERATIONS UNDER THE :
EXIGENT CIRCUMSTANCES CREATED BY :  **STANDING ORDER 20-02**
COVID-19

  **WHEREAS**, a national emergency has been declared, and the Governor of New Jersey has declared a State of Emergency and Public Health Emergency and has recommended the cancellation of mass gatherings throughout the State in response to the spread of the coronavirus (COVID-19);

  **WHEREAS**, the Centers for Disease Control and Prevention and other public health authorities have advised public and private agencies to promptly take necessary and appropriate precautions to reduce exposure to COVID-19 and slow the spread of the disease; and

  **WHEREAS**, jury selection in this District frequently involves large jury venire pools, along with many individuals required to travel extensively; and

  **WHEREAS**, circumstances regarding school closures will increase the impact on parents summoned for jury service; and

  **WHEREAS**, the current limitations on reasonably available COVID-19 testing increase the uncertainty of the health status of summoned jurors and others; and

  **WHEREAS**, as a public institution committed to the sound administration of equal justice under law, this Court must take reasonable and prudent actions to further that mission;

  **NOW, THEREFORE,** in order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public and in order to reduce the number of gatherings necessarily attendant to trial jury selection in all vicinages of this Court, and in order to minimize travel by participants in

Court proceedings, (particularly travel by public conveyance), the United States District Court for the District of New Jersey ("Court") issues the following Order:

1. This Court, and the United States Courthouses in Camden, Newark and Trenton, will remain open for official business, subject to the following:

2. Effective this date, all civil and criminal jury selections and jury trials in the District of New Jersey scheduled to begin before April 30, 2020, are continued pending further Order of the Court. The Court may issue further Orders concerning future general continuances of any matters as may be deemed necessary and appropriate. All jury selections and trials impacted by this Order will be reset by further Order of the assigned judicial officer.

3. All deadlines set by Federal or Local Rules or Court Orders, including, but not limited to, scheduling orders in all civil and criminal cases, remain in effect unless modified by further Order of the Court or by Order of the assigned judicial officer. Any dispute over whether discovery can be effectively accomplished in a manner consistent with applicable health guidelines may be referred to the Magistrate Judge for resolution. Judicial officers may apply the principles of flexibility and accommodation to reasonable requests for filing or scheduling adjustments necessitated by reasonable and fact-based travel, health or safety concerns, or advice or directives of public health officials.

4. Aside from ordering a jury trial, individual judges presiding over civil and criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the substantial rights of the parties.

5. The Court recognizes the trial, procedural, and substantive rights of all litigants, and particularly, the rights of criminal defendants to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are

detained pending trial). Any request by a criminal defendant or the United States in a criminal proceeding, or of a party to any civil action, seeking case-specific relief from any provision of this Order is to be directed to the judicial officer assigned to the matter; provided, however, no such exception for convening a jury trial during the relevant period covered by this Order may be ordered without the approval of the Chief Judge after consultation with the assigned judge.

6. The time period of March 16, 2020 through April 30, 2020 shall be "excluded time" under the Speedy Trial Act, 18 U.S.C.§ 3161(h)(7)(A), as the Court finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Specifically, such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may by Order also do so as to any specific proceeding.

7. Individual judicial officers may continue to hold hearings, conferences, sentencings, changes of plea hearings, and bench trials in the exercise of their sound discretion, and consistent with the principles of this Order and the sound administration of justice.

8. All judicial officers are encouraged to conduct proceedings by telephone or videoconferencing where practicable and as permitted by law, and to take reasonable measures to avoid the necessity of out-of-town travel (especially by public conveyance) of any

litigant, witness, counsel or the public. Further, all judicial officers are encouraged to consider minimizing the need for the physical appearance of a detained person for the protection of the health of such detained persons, counsel, Court and security personnel, other case participants and the public, unless such appearance is otherwise required by Fed. R. Crim. P. 43.

9.   In furtherance of this Court's Alternative Dispute Resolution ("ADR") Policies and Procedures, the designated ADR neutral in any proceeding is hereby authorized to permit participation in any ADR proceeding via video and/or telephone conference, if in his or her judgment such shall be effective and doing so will minimize travel (especially by public conveyance) by any participant.

10.   Criminal matters before Magistrate Judges, such as initial appearances, arraignments, detention hearings, and the issuance of search or other warrants, shall continue utilizing such procedures as Magistrate Judges may direct which are consistent with this Order and applicable law, including the use of video technology. All Central Violations Bureau proceedings between March 16, 2020 and April 30, 2020 are continued pending further Order of Court.

11.   Sitting grand juries in each vicinage of the Court are authorized to continue to meet, unless unable to form a quorum. However, no new grand juries will be empaneled during the period of March 16, 2020 to April 30, 2020, or such other date set by the Court.

12.   In the event that a grand jury is unavailable, or no quorum can be formed, in this District, the 30-day time period for filing an indictment or an information shall be tolled as to each defendant during the time period March 16, 2020 through April 30, 2020, pursuant to 18 U.S.C. § 3161(b).

13.  The Chief Judge of the Bankruptcy Court for this District shall enter such Orders as she deems appropriate for the conduct of that Court's business.

**SO ORDERED.**


**DATED**: March 16, 2020

_____
Freda L. Wolfson
U.S. Chief District Judge

: